TALI ANNE DOBSON-GROSZ, APPELLANT, V. UNIVERSITY OF
NEBRASKA MEDICAL CENTER AND STATE OF NEBRASKA,
APPELLEES.

499 N.W.2d 83

Filed January 5, 1993.   No. A-92-172.

Joseph F. Gross, Jr., of Timmermier, Gross & Burns, for appellant.

Don Stenberg, Attorney General, and Lynn A. Melson for appellees.

SIEVERS, Chief Judge, and CONNOLLY and MILLER-LERMAN, Judges.

CONNOLLY, Judge.

This appeal arises from the claim of appellant, Tali Anne Dobson-Grosz, in the Workers' Compensation Court against appellees, University of Nebraska Medical Center and State of Nebraska (State). Dobson-Grosz appeals the decision of a three-judge panel of the Workers' Compensation Court, which panel denied her motion requesting (1) an order, pursuant to Neb. Rev. Stat. § 48-119 (Reissue 1988), declaring that

permanent disability payments awarded Dobson-Grosz by the court should be computed as of the date of the injury that caused the disability and (2) interest on the award, attorney fees, and a 50-percent penalty fee, pursuant to Neb. Rev. Stat. § 48-125 (Supp. 1991). The trial court dismissed the motion, finding that the State had correctly begun permanent disability payments as of December 9, 1990, the date of a physician's letter assessing permanency of the disability. We vacate and dismiss.

While working as a nurse at the University of Nebraska Medical Center, Dobson-Grosz contracted a herpes infection of her right index finger. The infection caused episodes of painful swelling in her hand and arm. The episodes would last approximately 3 weeks and would occur about four times per year. The condition persisted for 5 years, prompting Dobson-Grosz to file a claim in the Workers' Compensation Court.

Initially, her claim was dismissed. On rehearing, a three-judge panel determined that Dobson-Grosz had in fact contracted a recurrent herpes infection in the course of her employment on or about November 26, 1985, resulting in a 15-percent permanent loss of earning power. The order of dismissal was reversed and set aside, and the court awarded Dobson-Grosz 15-percent permanent partial disability payments of $30.56 per week for 300 weeks. However, the court neglected to specify the date from which these weekly benefits should be paid.

The award on rehearing was entered September 23, 1991. A dispute developed over the starting date for payment of benefits. On December 9, Dobson-Grosz filed a motion in the compensation court seeking (1) an order declaring that payment of benefits should start from the date of injury, which the court had said was no later than November 26, 1985, and (2) interest, attorney fees, and the 50-percent penalty fee, pursuant to § 48-125. The motion was dismissed, and Dobson-Grosz appealed to this court.

We do not reach the merits of the appeal because we conclude that this court lacks jurisdiction.

An appellate court can address the merits of an appeal only if

the court has jurisdiction. See *Nebraska State Bar Found. v. Lancaster Cty. Bd. of Equal.*, 237 Neb. 1, 465 N.W.2d 111 (1991). Regardless of whether the parties raise a question concerning the jurisdiction of the trial court, an appellate court must determine whether it has jurisdiction over the subject matter of the appeal. *Id.* There is no appellate jurisdiction if the trial court from which the appeal arose lacked jurisdiction to decide the case. *Id.* Therefore, we first consider whether the compensation court had jurisdiction to consider the motion for payment of award and penalty that is the subject matter of Dobson-Grosz' appeal.

The Workers' Compensation Court is a tribunal of limited and special jurisdiction. *Smith v. Fremont Contract Carriers*, 218 Neb. 652, 358 N.W.2d 211 (1984). It has only such authority as has been conferred on it by statute. *Id.* A decree or award in a compensation case is final unless the petitioner seeking to reopen the case can bring it within the terms of any statute to that effect. *Id.*

Neb. Rev. Stat. § 48-180 (Reissue 1988) authorizes the compensation court to "modify or change its findings, order, award, or judgment" for the purpose of correcting any ambiguity or clerical error, as long as the modification is made within 10 days of the date of the judgment at issue. There is no procedure under the Nebraska Workers' Compensation Act which authorizes the compensation court to clarify an award on rehearing when more than 10 days have elapsed from the date on which the findings were made in the rehearing. *Black v. Sioux City Foundry Co.*, 224 Neb. 824, 401 N.W.2d 679 (1987). In the absence of specific statutory authority to correct an ambiguity by a procedure other than as described in § 48-180, the compensation court does not have authority to enter an order revising one of its awards. *Black v. Sioux City Foundry Co., supra.*

Dobson-Grosz sought to correct an ambiguity concerning the beginning date for payment of benefits. She petitioned the compensation court to modify its judgment by specifying the date of her injury as the beginning date for payment of benefits. Dobson-Grosz also sought interest, attorney fees, and the penalty fee, pursuant to § 48-125. Because her petition

requested a modification of judgment to provide a starting date for payments when such date had not been previously provided, Dobson-Grosz' motion for payment of award and penalty was subject to the 10-day deadline in § 48-180.

We note a crucial distinction between the case at bar and *Bituminous Casualty Corp. v. Deyle*, 234 Neb. 537, 451 N.W.2d 910 (1990), another workers' compensation case. Claimant Deyle filed an action for declaratory judgment in the compensation court, seeking additional recovery under § 48-125 (Reissue 1988), the predecessor of the penalty provision under which Dobson-Grosz sought recovery. Deyle sought recovery in the compensation court, but not as further proceedings in his original cause of action. Deyle's action for declaratory judgment, filed in the compensation court, was a separate and distinct action from his compensation claim. Therefore, the Nebraska Supreme Court held that Deyle's petition was not barred by the 10-day deadline in § 48-180.

Dobson-Grosz did not proceed via declaratory judgment. She filed a motion in the original cause of action. For that reason, her motion was subject to the 10-day deadline in § 48-180.

Dobson-Grosz' award on rehearing was entered September 23, 1991. The motion for payment of award and penalty, an action seeking modification of the September 23 judgment, was filed December 9, 77 days after entry of the judgment. Under § 48-180, the compensation court lacked jurisdiction to consider Dobson-Grosz' motion for payment of award and penalty because the motion was filed more than 10 days after entry of the judgment that was to be modified. Therefore, we vacate the judgment of the compensation court and dismiss this appeal.

VACATED AND DISMISSED.