JIM DOUGHERTY, APPELLEE, V. SWIFT-ECKRICH, INC.,
APPELLANT.

547 N.W.2d 653

Filed May 14, 1996.   No. A-95-1119.

Theodore J. Stouffer, of Cassem, Tierney, Adams, Gotch & Douglas, for appellant.

Thomas F. Dowd, of Dowd, Dowd & Fahey, for appellee.

HANNON, SIEVERS, and MUES, Judges.

SIEVERS, Judge.

This case involves the power of the Nebraska Workers' Compensation Court to reopen an award and extend further benefits because the evidence upon which the court originally premised its award was not accurate. The Workers' Compensation Court modified its previous award under the guise of a "Further Award," and the review panel affirmed without a detailed opinion. The employer appeals to this court, assigning error in the modification of the award.

## BACKGROUND

On February 24, 1993, the Workers' Compensation Court entered an award finding that Jim Dougherty had sustained an injury to his left arm as a result of "repetitive trauma in a work related accident that happened suddenly and violently." The court ordered the payment of medical expenses, temporary total disability benefits, and permanent partial disability benefits, the

details of which are unimportant for purposes of this appeal. The court found that Dougherty was entitled to vocational rehabilitation, saying: "The Court hereby approves the plan of vocational rehabilitation that began on January 13, 1993 as set forth more particularly in Exhibit 6 for the plaintiff to obtain an associates degree as a parts and service technician that will conclude in August of 1994."

Examination of exhibit 6 reveals a "Vocational Rehabilitation Plan" at Iowa Western Community College in Council Bluffs, Iowa, which was developed by Janet Harsh, a counselor. The training course is for an associate of applied science degree in parts and service technology. Exhibit 6 contains a starting date of January 1993 and a finishing date of August 1994.

More than 19 months after the entry of the award, Dougherty filed a petition in the compensation court, using the same caption and case number as the original award, in which he requested additional temporary total disability benefits from August 1994 to December 1994, the new ending date for his associate's degree program.

The reason alleged in the petition for the extension was "Plaintiff's need for remedial course work in order to complete his associate degree program." An amended petition was thereafter filed, which asked for the same relief, but included as the reason, in addition to the need for remedial work, "the miscalculation by the vocational consultant that the program could be completed by August 1994."

The evidence reveals that although one might be able to complete the technical and parts portion of the course in less than 2 years, 2 full years was needed to obtain the rest of the coursework in order to complete the requirements of the State of Iowa for an associate's degree. Although the vocational consultant who developed the plan which was originally received into evidence as part of exhibit 6 did not testify at the hearing on the amended petition to extend the plan, her replacement counselor did testify. This counselor's testimony was that she believed the mistake was made because her predecessor had calculated the timeframe for schooling using the quarter system, when in fact Iowa Western Community

College operates on a semester system. The present counselor opined that this was the reason for the incorrect timeframe found in exhibit 6 for Dougherty's vocational rehabilitation.

By the time the matter was heard, Dougherty had actually completed his degree program and had graduated on December 22, 1994.

## WORKERS' COMPENSATION COURT DECISION

A single judge of the Workers' Compensation Court entered a "Further Award" on March 2, 1995, finding that Dougherty was unable to complete the program for an associate of applied science degree in parts and service technology within the time period ending in August 1994. The court found that the extra semester was necessary due to two reasons: Dougherty's need for extra remedial work in reading and the inadvertence of the original vocational rehabilitation counselor in using the quarter system rather than the semester system, which resulted in the program being a semester too short. Consequently, the court awarded Dougherty an additional $16^1/_7$ weeks of temporary total disability benefits from August 31 to December 22, 1994. The basis for the award was stated to be that there was no neglect or inadvertence on the part of Dougherty and that "the interests of justice would further be served by allowing the extra semester for completion of the associate of applied science degree."

The employer, Swift–Eckrich, Inc., appealed this award of additional benefits to a review panel of the Workers' Compensation Court, but without success. Moreover, Swift–Eckrich was assessed a $500 attorney fee, together with interest on the unpaid amounts of compensation. Swift–Eckrich now appeals to this court.

## ASSIGNMENTS OF ERROR

Summarized, Swift–Eckrich claims error in the Workers' Compensation Court's modification of the prior award because no change in Dougherty's physical condition was established to justify the change and the compensation court lacks the power to modify awards in "the interests of justice."

## STANDARD OF REVIEW

■ Findings of fact made by the Workers' Compensation Court trial judge are not to be disturbed upon appeal to the review panel unless they are clearly wrong, and if the record contains evidence which substantiates the factual conclusions reached by the trial judge, the review panel should not substitute its view of the facts for that of the trial judge. It naturally follows that we also do not substitute our view of the facts for that of the trial judge. See *Pearson v. Lincoln Telephone Co.*, 2 Neb. App. 703, 513 N.W.2d 361 (1994). When testing the sufficiency of the evidence to support findings of fact by the Workers' Compensation Court trial judge, the evidence must be considered in the light most favorable to the successful party and the successful party will have the benefit of every inference reasonably deducible from the evidence. See *Miner v. Robertson Home Furnishing*, 239 Neb. 525, 476 N.W.2d 854 (1991). With respect to questions of law in workers' compensation cases, an appellate court is obligated to make its own determination. *McGowan v. Lockwood Corp.*, 245 Neb. 138, 511 N.W.2d 118 (1994).

## ANALYSIS

Although the record establishes more than ample reason for the extension of the vocational rehabilitation program, because it was a semester short due to the mistake of the vocational rehabilitation counselor, the Workers' Compensation Court must have statutory authority to do what it did, irrespective of whether its action makes good sense or is "just" to Dougherty. Regardless of whether the term "modification," "amendment," or "reopening" is used, the effect is the same: The compensation court is changing the benefits which Dougherty is entitled to receive and increasing Swift–Eckrich's obligation to pay benefits. Such action runs directly contrary to the notion of finality of judgments.

■ In *Smith v. Fremont Contract Carriers*, 218 Neb. 652, 654, 358 N.W.2d 211, 214 (1984), the Supreme Court held:

The Workmen's Compensation Court is a tribunal of limited and special jurisdiction and has only such authority as has been conferred on it by statute. 81 Am. Jur. 2d

*Workmen's Compensation* § 80 (1976). A decree or award in a compensation case is final unless the petitioner seeking to reopen the case can bring the case within the terms of any statute to that effect.

See, also, *Dobson–Grosz v. University of Neb. Med. Ctr.*, 1 Neb. App. 434, 499 N.W.2d 83 (1993).

In *Dobson–Grosz*, 2½ months after an award on rehearing, a dispute had developed between Dobson–Grosz and the State over the starting date for payment of benefits. Dobson–Grosz filed a motion in the compensation court, seeking an order that the payments should start November 26, 1985, the date used by the court in its award on rehearing as the date when Dobson–Grosz first contracted the herpes infection for which benefits had been awarded. The earlier the date, then the more interest Dobson–Grosz would collect. The compensation court found that the State had correctly begun paying permanent partial disability benefits as of December 9, 1990, the date of a physician's letter assessing permanency of the disability. This court considered whether the compensation court had jurisdiction to consider the motion and found that it did not. Neb. Rev. Stat. § 48–180 (Reissue 1993) authorizes the compensation court to modify or change its findings, order, award, or judgment for purposes of correcting any ambiguity, clerical error, or patent or obvious error, as long as the modification is made within 10 days of the date of the judgment at issue. Dobson–Grosz had filed for relief well beyond the 10–day limit of § 48–180. This court held that there was no procedure under the Workers' Compensation Act which authorized the compensation court "to clarify an award on rehearing when more than 10 days have elapsed from the date on which the findings were made in the rehearing." 1 Neb. App. at 436, 499 N.W.2d at 85.

In the instant case, the petition for temporary total disability benefits for the extra semester of schooling was also filed well outside the 10–day limit of § 48–180. Neb. Rev. Stat. § 48–141 (Reissue 1993) permits modification of an award because of an increase or decrease in disability. However, there is no claim that an increase in disability is the basis for the additional payment in this case, nor is there any evidence to that effect.

Obviously, finality of judgments is an important concept in our system of jurisprudence, because it enables the parties to litigation to know once and for all their rights and obligations. The Workers' Compensation Act provides certain statutory exceptions to finality, which we have recited above. This case involves a mistake in a report by a vocational rehabilitation specialist in her definition of the length of vocational rehabilitation needed by Dougherty. While it is unfortunate that the mistake was received in evidence, it is no basis for relief under the Workers' Compensation Act. It has been said that an original award cannot be modified for a mistake of fact on the part of the witnesses, but only for a mistake by the hearing officer on the evidence submitted. *Sauder v. Coast Cities Coaches, Inc.*, 156 So. 2d 162 (Fla. 1963). Here, the mistake was similar, because although the vocational rehabilitation specialist did not testify, it was her written report received in evidence which was in error.

Neb. Rev. Stat. § 48–185 (Reissue 1993) provides that an appellate court may reverse, modify, or set aside a Workers' Compensation Court decision when the court acted in excess of its powers. This is the situation here. The compensation court lacked authority, under the situation presented by this record, to modify a previously entered and final award.

For these reasons, we reverse the affirmance by the review panel of the Workers' Compensation Court trial judge, we vacate the award of attorney fees and interest by the review panel against Swift–Eckrich, and we vacate the "Further Award" of March 2, 1995.

REVERSED AND VACATED.