JIM DOUGHERTY, APPELLEE, V. SWIFT-ECKRICH, INC., APPELLANT.

557 N.W.2d 31

Filed December 20, 1996.    No. S-95-1119.

Theodore J. Stouffer, of Cassem, Tierney, Adams, Gotch & Douglas, for appellant.

Thomas F. Dowd, of Dowd & Dowd, for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

CAPORALE, J.

Upon the petition of the plaintiff-appellee employee, Jim Dougherty, the Nebraska Workers' Compensation Court increased the benefits it had previously awarded him. The defendant-appellant employer, Swift-Eckrich, Inc., thereupon appealed to the Nebraska Court of Appeals. That court determined that the compensation court lacked the authority to modify its earlier award and thus reversed the judgment and vacated the increase. *Dougherty v. Swift-Eckrich, Inc.*, 4 Neb. App. 653, 547 N.W.2d 522 (1996). We thereafter granted Dougherty's petition for further review, and now affirm the judgment of the Court of Appeals.

Our review is governed by the rule that an appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law. *Berggren v. Grand Island Accessories*, 249 Neb. 789, 545 N.W.2d 727 (1996); *Wilson v. Larkins & Sons*, 249 Neb. 396, 543 N.W.2d 735 (1996); *Hull v. Aetna Ins. Co.*, 249 Neb. 125, 541 N.W.2d 631 (1996).

On February 24, 1993, the compensation court entered an award entitling Dougherty to, among other things, vocational rehabilitation under a plan that "began on January 13, 1993 as set forth more particularly in [a certain exhibit] for [Dougherty] to obtain an associates degree as a parts and services technician that will conclude in August of 1994." On October 3, 1994, Dougherty filed in the compensation court, in the same case in which the foregoing award was entered, a "petition" which he ultimately amended to seek an extension of the completion date specified in the February 1993 award. On March 2, 1995, the compensation court judge on the original hearing found that Dougherty had been unable to complete the required course work in the time originally allotted; that he had subsequently done so and had received his degree on December 22, 1994; and

that such was not the result of any "neglect, negligence or inadvertence" on Dougherty's part, but due to his "need for extra remedial work in reading." The judge further found that the original plan was based on the rehabilitation counselor's miscalculation of the time which would be required to complete the course requirements, thinking that the educational institution Dougherty attended was on a quarter system when in fact it was on the longer, semester system. The judge thus entered a "Further Award," extending the completion date to December 22, 1994, and ordering Swift-Eckrich to pay Dougherty benefits accordingly. A review panel of the compensation court subsequently affirmed the March 2, 1995, further award.

The exhibit to which the February 1993 award makes reference describes the training course to be pursued by Dougherty as "Associate of Applied Science Degree in Parts and SErvice [sic] Tech.," sets the starting date as January 1993, and puts the finishing date at August 1994. Thus, the February 1993 award entitled Dougherty to vocational rehabilitation in the form of a course of study ending in August 1994. See *Label Concepts v. Westendorf Plastics*, 247 Neb. 560, 528 N.W.2d 335 (1995) (in absence of ambiguity, effect of judgment declared in light of literal meaning of language used). See, also, *Black v. Sioux City Foundry Co.*, 224 Neb. 824, 401 N.W.2d 679 (1987); *Neujahr v. Neujahr*, 223 Neb. 722, 393 N.W.2d 47 (1986). The further award of March 1995 extended the finishing date established in the February 1993 award and thus effectively modified the earlier award.

Dougherty contends that the compensation court was authorized to enter its further award by virtue of the provisions of Neb. Rev. Stat. § 48-162.01(3) (Reissue 1993), which provides that when because of injury a worker is unable to perform suitable work for which the worker has previous training or experience, the worker "shall be entitled to such vocational rehabilitation . . . as may be reasonably necessary to restore" the worker to "suitable employment." But this statute does not provide for the modification of previous awards; it merely defines a benefit available to a class of injured workers.

Neither does Neb. Rev. Stat. § 48-180 (Reissue 1993) apply to the situation at hand. That statute provides that the compen-

sation court "may, on its own motion, modify or change its findings, order, award, or judgment at any time before appeal and within ten days from the date of such findings, order, award, or judgment for the purpose of correcting any ambiguity, clerical error, or patent or obvious error." Not only had more than 10 days elapsed between the entry of the February 1993 award and the entry of the March 1995 further award, the court did not act on its own motion.

Nor, under the situation presented here, does Neb. Rev. Stat. § 48-141 (Reissue 1993) empower the compensation court to modify its February 1993 award. Section 48-141 provides, in relevant part, that the amount of any agreement or award payable periodically may be modified at any time "by agreement of the parties" with the approval of the compensation court, or in the absence of agreement, "at any time after six months from the date of the agreement or award, an application may be made by either party on the ground of increase or decrease of incapacity due solely to the injury . . . ." In *Gomez v. Kenney Deans, Inc.*, 232 Neb. 646, 441 N.W.2d 632 (1989), we wrote that modification for increased incapacity requires the existence of a material and substantial change in the applicant's condition. See, also, *Sidel v. Spencer Foods*, 215 Neb. 325, 338 N.W.2d 616 (1983). Clearly, there was no agreement of the parties here, and there is neither any claim nor evidence of any increase of incapacity due solely to the injury in question.

While it is true that in civil cases a court of general jurisdiction has inherent power to vacate or modify its own judgment during the term in which it was rendered, that rule does not apply to statutory tribunals such as the compensation court, for it is a tribunal of limited and special jurisdiction and has only such authority as has been conferred on it by statute. *Smith v. Fremont Contract Carriers*, 218 Neb. 652, 358 N.W.2d 211 (1984).

What was involved here was an effort of the compensation court, upon Dougherty's application more than 19 months after the fact, to correct an error in the February 1993 award, which had become final. No statute empowers the compensation court to so do. As we observed in the course of reversing an order of the compensation court undertaking to clarify the rights of the

parties under an award entered more than 4 months earlier, "'[l]itigation must be put to an end, and it is the function of a final judgment to do just that. . . .'. . ." *Black*, 224 Neb. at 828, 401 N.W.2d at 682.

The compensation court acted in excess of its powers, and the Court of Appeals thus correctly reversed and vacated the further award of March 1995. See Neb. Rev. Stat. § 48-185 (Reissue 1993).

Therefore, as noted in the first paragraph hereof, the judgment of the Court of Appeals is affirmed.

AFFIRMED.