FRED IRA, APPELLEE, V. SWIFT-ECKRICH, INC., APPELLANT.

558 N.W.2d 40

Filed January 3, 1997.   No. S-96-344.

Theodore J. Stouffer, of Cassem, Tierney, Adams, Gotch & Douglas, for appellant.

James W. Knowles, Jr., of Knowles Law Firm, for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, and GERRARD, JJ.

WHITE, C.J.

In June 1987, appellee, Fred Ira, developed bilateral carpal tunnel syndrome while working for appellant, Swift-Eckrich, Inc. As a result, appellee incurred medical expenses, suffered temporary total disability, and was subsequently determined to have sustained permanent partial disability to his right and left hands.

The Nebraska Workers' Compensation Court addressed this case on several occasions. The compensation court entered an award on May 7, 1990, ordering that appellant pay appellee compensation payments 52½ weeks for permanent partial disability to his right hand and 31½ weeks for permanent partial disability to his left hand.

In May 1991, appellee and appellant again appeared before the compensation court. The hearing was limited to the issues of whether appellee suffered increased disability and whether vocational rehabilitation was appropriate. The court entered an

award on June 3, 1991, ordering appellant to pay for reexploration surgery and for additional medical expenses. The court also stated that appellee could be evaluated as to his suitability for rehabilitation services if he contacted the rehabilitation specialist of the court within 30 days.

The case came up for rehearing in November 1991, and a modification of award on rehearing was issued on February 19, 1992. A three-judge panel found that appellee had been temporarily totally disabled as of July 1, 1991, and modified the award dated May 7, 1990, to reflect such a finding. The compensation court also found that appellee's surgeries were necessary and that appellant was responsible for all costs related to the surgeries. Appellant was further ordered to pay for future medical care, attorney fees, and costs. Finally, the court denied appellee's request for rehabilitation services because an expert stated that appellee would not likely sustain additional permanent impairment as a result of his surgeries.

In February 1993, appellee filed an application in which he requested the compensation court to adjudicate the rights and liabilities of the parties. Appellee stated that since the award dated February 19, 1992, he had sustained additional permanent partial disability to each hand and was in need of retraining. In its response, appellant denied appellee's statements and argued that the court lacked jurisdiction to address appellee's application.

On August 17, 1993, the compensation court found that appellee was suffering additional permanent impairment. It issued a further award ordering that the vocational rehabilitation plan proposed by appellee be approved and that appellant pay $225 per week to appellee while appellee was engaging in such a plan. According to appellee's plan, appellee was to spend seven quarters obtaining an associate of applied science degree in radiation protection technology.

A plan was approved by a rehabilitation specialist of the court and filed on November 4, 1993. The filed plan, however, did not accurately reflect the plan as approved by the court in its further award. Therefore, the plan was subsequently amended to reflect a starting date of December 1, 1993, and an ending date of August 1995.

Appellee began school at Metropolitan Community College (Metro) on December 1, 1993, but withdrew in August 1994 to undergo surgery. From December 1993 to August 1994, he completed 3 quarters and passed 36 credit hours.

On June 27, 1994, appellee filed a petition requesting the compensation court to determine whether he could change his approved field of study from radiation protection technology to offset-press operation (graphic arts). In support of his petition, appellee stated that (1) the plan granted was to end in August 1995; (2) he had enrolled in the program at Metro on December 1, 1993; and (3) in April 1994, he discovered that Metro was terminating its radiation protection technology program due to the dramatic decrease in the job market for radiation protection technicians. Appellant filed an answer denying that appellee was entitled to a modification of the previous order. Appellee later amended his petition but did not make any substantial changes.

On April 24, 1995, an order was entered by a single judge upon appellee's amended petition. The compensation court found that there was no increase in incapacity, but determined that it could modify a prior award of vocational rehabilitation even though there was no increase in incapacity. The court approved appellee's new plan to pursue a degree in graphic arts for the period of December 1994 to March 1997 and ordered that appellant continue to pay disability compensation.

Appellant filed an application for review, arguing that the compensation court could not modify the award granted on August 17, 1993. On March 1, 1996, a three-judge panel affirmed the order of April 24, 1995, and in addition imposed interest and attorney fees on the award against appellant. One judge dissented, concluding that the court could not modify the rehabilitation award.

On March 22, 1996, appellant filed a timely notice of intention to appeal to the Nebraska Court of Appeals. We removed the case to our docket pursuant to our power to regulate the dockets of appellate courts.

Appellee moved for allowance of attorney fees on August 14, 1996. Ruling on appellee's motion was reserved until after the case was argued before this court.

As summarized, appellant's assigned errors on appeal contend that the Workers' Compensation Court erred in modifying the award entered on August 17, 1993. In addition to addressing appellant's assignments of error, we will address the issue of whether appellee is entitled to reasonable attorney fees.

An appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law. *Dougherty v. Swift-Eckrich, ante* p. 333, 557 N.W.2d 31 (1996).

Appellant's contention on appeal is controlled by the recently decided case of *Dougherty*. The compensation court is a tribunal of limited and special jurisdiction, and it possesses only that authority which is conferred upon it by the Nebraska Workers' Compensation Act. *Thomas v. Omega Re-Bar, Inc.*, 234 Neb. 449, 451 N.W.2d 396 (1990). More specifically, the compensation court's power to modify is governed by Neb. Rev. Stat. §§ 48-141 and 48-180 (Reissue 1993). As in *Dougherty*, the compensation court in this case was not authorized to alter a prior award by virtue of either modification provision. Therefore, the compensation court erred in modifying the August 17, 1993, award entitling appellee to vocational rehabilitation.

In addition to addressing appellant's contention, we must assess whether appellee is entitled to attorney fees. The general rule is that attorney fees may be recovered only when such an award is authorized by statute or when a recognized and accepted uniform course of procedure allows recovery of attorney fees. *Venter v. Venter*, 249 Neb. 712, 545 N.W.2d 431 (1996). Neb. Rev. Stat. § 48-125(1) (Reissue 1993) states in part as follows:

> If the employer files an application for review before the compensation court from an award of a judge of the compensation court and fails to obtain any reduction in the amount of such award, the compensation court shall allow the employee a reasonable attorney's fee to be taxed as costs against the employer for such review, and the Court of Appeals or Supreme Court shall in like manner allow the employee a reasonable sum as attorney's fees for the proceedings in the Court of Appeals or Supreme Court.

In the instant case, appellant appealed the decision of the compensation court to modify a prior award. Because we reverse the compensation court's decision and hold that appellant is not obligated to pay additional compensation during the extended vocational rehabilitation training, there exists a reduction in appellee's overall award. Therefore, appellee is not entitled to an award of attorney fees by this court.

REVERSED.