KUOL THACH, APPELLEE, V. QUALITY PORK INTERNATIONAL
AND LIBERTY MUTUAL INSURANCE GROUP, APPELLANTS.
570 N.W. 2d 830

Filed December 12, 1997. No. S-97-183.

Thomas D. Wulff and Kevin L. Flynn, of Welch, Wulff & Childers, for appellant Quality Pork International.

Trinh P. Tran for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

McCORMACK, J.

This is an appeal from the Nebraska Workers' Compensation Court review panel which upheld a decision of a single judge of the Workers' Compensation Court granting temporary total disability benefits to appellee, Kuol Thach, for the time period from January 22, 1996, when appellee was self-enrolled in English as a second language (ESL) classes, through May 20, 1996, when the court-approved plan of vocational rehabilitation took effect. On our own motion, we removed the matter to this court under our authority to regulate the caseloads of the Nebraska Court of Appeals and this court. We reverse.

STATEMENT OF FACTS

The original claim in this action was heard by the single judge of the compensation court on October 18, 1995. The parties stipulated that appellee suffered injuries to his hands in the course of his employment at Quality Pork International. The parties further stipulated that at the time of the injury, appellee's average weekly wage was $432.85. An award was entered by the single judge on January 22, 1996, awarding temporary total disability benefits from September 24, 1993, through February 3, 1994, and again from March 9, 1994, through September 20, 1994, the date at which appellee reached maximum medical improvement. The single-judge court also awarded permanent partial disability benefits at a rate of 10 percent for each hand. The single-judge court further determined that the appellee was entitled to vocational rehabilitation services, including retraining and job placement. Important to note is the award's discussion of ESL classes as they related to vocational rehabilitation. The single-judge court found:

> Mr. Thach's final vocational objective cannot be determined until he can be adequately evaluated. The plan must necessarily be in phases, as originally designed. The nature of remedial course work in phase II and career training in phase III cannot logically be determined until after completion of ESL level III classes when plaintiff can be vocationally evaluated. The court awards a two year period of vocational rehabilitation _after_ completion of ESL level III classes and evaluation necessary to determine the course of plaintiff's vocational rehabilitation.

(Emphasis in original.) We note the emphasis that the single-judge court placed on the term "after" prior to discussing the ESL level III classes. In its award on January 22, 1996, the single-judge court emphasized that vocational rehabilitation would only be approved by the court following the completion of credit ESL classes. The award further provided that

> if the plaintiff desires to be evaluated as to his suitability for rehabilitation services, he should either by letter, telephone, or in person, contact the Rehabilitation Specialist of the Nebraska Workers' Compensation Court, at the Capitol Building in Lincoln, Nebraska, within 30 days after the date of this Award . . . if the plaintiff fails or declines, without reasonable cause to indicate his desire for rehabilitation services in the manner and within the time above specified, he shall be deemed to have waived any and all right to such services.

Seven days after the award was entered, counsel for appellee wrote the single-judge court requesting a "Non Protunc [sic] Order to address a possible ambiguity regarding an award [the court] entered on January 22, 1996." The letter requested that the single-judge court "advise [appellee's counsel] whether Mr. Thach is entitled to benefits for the time he was enrolled in ESL courses prior to this completion." The correspondence also requested clarification regarding the award's silence as to attorney fees and penalties. No order nunc pro tunc was ever issued by the single-judge court and neither side appealed the January 22, 1996, award.

On May 10, 1996, appellee filed a motion for indemnification of costs, benefits due, and attorney fees in which he sought

the payment of benefits for the time period during which he attended noncredit ESL classes of his own volition, but at the suggestion of his vocational rehabilitation counselor. Appellants, Quality Pork International and Liberty Mutual Insurance Group, answered by alleging that appellee's motion was procedurally defective in that there was no provision for such a motion under the Nebraska Workers' Compensation Act (Act); that to the extent that appellee's motion could be construed as an appeal or a request for review of the single-judge court's earlier award, such appeal or request was untimely; and that to the extent the motion sought benefits for temporary total disability for a time period from the date of the accident to the date of the trial, the matter would have been previously adjudicated and thus barred under res judicata. Appellants further alleged that all benefits had been paid and that appellee was not entitled to further benefits unless and until a plan of vocational rehabilitation had been approved by the parties.

A hearing was held on this motion, and the single-judge court entered an order compelling appellants to pay temporary total disability benefits from January 22, 1996, the date of the initial award, through May 20, 1996, the day prior to appellee's enrollment in the court-approved plan of vocational rehabilitation. Appellants then filed an application for review, and in an order filed on January 22, 1997, the review panel affirmed the order entered by the single-judge court, finding (1) that a vocational rehabilitation plan was provided for in the single-judge court's original award and that any objection to a plan of vocational rehabilitation should have been filed within 14 days of that award, and (2) that the issue of whether appellee actively participated in an approved vocational rehabilitation plan was a question of fact and that the single-judge court's determinations in that regard were not clearly erroneous. Because appellants filed an appeal of the order of the single-judge court and because the appeal failed to secure a reduction in payments, attorney fees in the amount of $1,500 were awarded to appellee.

## ASSIGNMENTS OF ERROR

Appellants assign as error: (1) The review panel erred in affirming the single-judge court's award of temporary total dis-

ability for the period from January 22, 1996, through May 20, 1996, to appellee who was not participating in an approved rehabilitation program, and (2) the review panel erred in affirming the single-judge court's conclusion that appellee was actively participating in vocational rehabilitation, thus entitling appellee to temporary total disability benefits under Neb. Rev. Stat. § 48-162.01 (Reissue 1993).

## STANDARD OF REVIEW

Pursuant to Neb. Rev. Stat. § 48-185 (Reissue 1993), an appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Sheridan v. Catering Mgmt., Inc.*, 252 Neb. 825, 566 N.W.2d 110 (1997); *Winn v. Geo. A. Hormel & Co.*, 252 Neb. 29, 560 N.W.2d 143 (1997); *Zessin v. Shanahan Mechanical & Elec.*, 251 Neb. 651, 558 N.W.2d 564 (1997). In determining whether to affirm, modify, reverse, or set aside the judgment of the Workers' Compensation Court review panel, a higher appellate court reviews the findings of the single judge who conducted the original hearing. *Dyer v. Hastings Indus.*, 252 Neb. 361, 562 N.W.2d 348 (1997); *Winn v. Geo. A. Hormel & Co., supra.*

As a statutorily created court, the Workers' Compensation Court is a tribunal of limited and special jurisdiction and has only such authority as has been conferred on it by statute. *Ira v. Swift-Eckrich*, 251 Neb. 411, 558 N.W.2d 40 (1997); *Dougherty v. Swift-Eckrich*, 251 Neb. 333, 557 N.W.2d 31 (1996); *Buckingham v. Creighton University*, 248 Neb. 821, 539 N.W.2d 646 (1995).

## ANALYSIS

The Act is clear that "[e]very order and award of a single judge of the Nebraska Workers' Compensation Court shall be binding upon each party at interest unless an application for review has been filed with the compensation court within fourteen days following the date of rendition of the order or award." Neb. Rev. Stat. § 48-170 (Reissue 1993). The Act further states:

The Nebraska Workers' Compensation Court may, on its own motion, modify or change its findings, order, award, or judgment at any time before appeal and within ten days from the date of such findings, order, award, or judgment for the purpose of correcting any ambiguity, clerical error, or patent or obvious error.

Neb. Rev. Stat. § 48-180 (Reissue 1993). These sections of the Act are clear that if the court fails to modify its order within 10 days and the parties fail to file an application for review within 14 days of the original order, such order becomes final and binding upon the parties.

Appellants argue that the single-judge court was without jurisdiction to modify its award of January 22, 1996, in its order dated August 28, 1996. Appellants further claim that appellee failed to properly appeal the original award to the review panel and that the court failed to modify on its own motion within the statutory time period. As such, appellants argue, the original award of the single-judge court became final and could not later be modified by the court in its order of August 28. We agree and reverse the decision of the review panel which affirmed the decision of the single-judge court in the first hearing.

This case is controlled by our recent decisions in *Dougherty v. Swift-Eckrich, supra*, and *Ira v. Swift-Eckrich, supra*, and the above-cited portions of the Act. In *Dougherty*, an injured employee filed a proper petition for the receipt of benefits under the Act and was given an award on February 24, 1993. In October 1994, the employee filed a petition in the same case in which the foregoing award was entered seeking to extend the completion date of the February award. The compensation court entered an award in March 1995 extending the completion date to December 22, 1994, and the employer timely appealed. We held:

While it is true that in civil cases a court of general jurisdiction has inherent power to vacate or modify its own judgment during the term in which it was rendered, that rule does not apply to statutory tribunals such as the compensation court, for it is a tribunal of limited and special jurisdiction and has only such authority as has been conferred on it by statute. *Smith v. Fremont Contract Carriers*, 218 Neb. 652, 358 N.W.2d 211 (1984).

> What was involved here was an effort of the compensation court, upon Dougherty's application more that 19 months after the fact, to correct an error in the February 1993 award, which had become final. No statute empowers the compensation court to so do.

*Dougherty v. Swift-Eckrich*, 251 Neb. 333, 336, 557 N.W.2d 31, 33 (1996). We went on to hold that the compensation court had clearly acted in excess of its statutorily granted powers and upheld the reversal of the award by the Court of Appeals.

Likewise, in *Ira v. Swift-Eckrich*, 251 Neb. 411, 558 N.W.2d 40 (1997), an employee filed a compensation claim and received an award. Nearly 2 years later, a second award was made in the same action modifying the original award and obligating the former employer for the duration of a vocational rehabilitation plan. Two years after the second award was made, the court entered a third order upon further petition by the former employee. The employer filed an application for review, alleging a lack of jurisdiction in the compensation court to alter the second award, and appealed the affirmance by the review panel. In reversing the compensation court review panel's decision, we stated:

> The compensation court is a tribunal of limited and special jurisdiction, and it possesses only that authority which is conferred upon it by the Nebraska Workers' Compensation Act. . . . More specifically, the compensation court's power to modify is governed by Neb. Rev. Stat. §§ 48-141 and 48-180 (Reissue 1993). As in *Dougherty*, the compensation court in this case was not authorized to alter a prior award by virtue of either modification provision. Therefore, the compensation court erred in modifying the August 17, 1993, award entitling appellee to vocational rehabilitation.

(Citations omitted.) *Id.* at 414, 558 N.W.2d at 43.

The *Ira* and *Dougherty* cases are directly on point to the present case. Although the original award in this case provided for a plan of vocational rehabilitation, appellee enrolled in noncredit ESL classes on his own, prior to the approval of any plan by the court. Particularly disturbing is the emphasis placed by the single-judge court on the need for appellee to finish ESL

level III classes prior to any approval of vocational rehabilitation. The classes attended by appellee were not the ones mentioned by the single-judge court in its original award. As such, the modification of the January 1996 award by the August order was clearly improper under the statutory jurisdiction outlined in the Act. The "Motion for Indemnification of Costs Benefits Due, and Attorney's Fees" is not a recognized method to request a review of the court's award; thus, appellee did not effectively appeal the single-judge court's original award to the review panel within the 14-day time limit prescribed by § 48-170. Nor did the single-judge court, on its own motion, modify the award within the 10-day time limit prescribed by § 48-180. As such, the award of January 22, 1996, clearly became final.

In both *Ira* and *Dougherty*, we quoted our decision in *Black v. Sioux City Foundry Co.*, 224 Neb. 824, 828, 401 N.W.2d 679, 682 (1987), wherein we stated " ' "[l]itigation must be put to an end, and it is the function of a final judgment to do just that. A judgment is the final consideration and determination of a court on matters submitted to it in an action or proceeding.". . .' " The original order of the court is final, and res judicata as it relates to the issues involved in this action and the later modification by the court is a nullity.

According to the terms of the January 22, 1996, order, appellee is eligible for vocational rehabilitation; however, appellants only become liable for the payment of temporary total disability benefits upon the approval by the court of the vocational rehabilitation plan. Such a holding is clearly consistent with our holdings in *Aldrich v. ASARCO, Inc.*, 221 Neb. 126, 375 N.W.2d 150 (1985), and *Bindrum v. Foote & Davies*, 235 Neb. 903, 457 N.W.2d 828 (1990).

In *Aldrich v. ASARCO, Inc., supra*, an employee injured his back after slipping and falling at work. In the original award by the compensation court, the method for becoming eligible for vocational rehabilitation was clearly laid out and the record indicated that the injured employee did not follow the required method. We held:

> The compensation court may prescribe the procedure to be followed if an injured workman desires to obtain the benefit of rehabilitation services under the statute. . . .

> Where such a procedure had been prescribed, the right to rehabilitation services, including the right to compensation for temporary total disability while undergoing rehabilitation, depends upon compliance with the procedure prescribed.

(Citation omitted.) *Id.* at 131, 375 N.W.2d at 153. Clearly, if a procedure by which the injured employee may apply for vocational rehabilitation and temporary total disability is prescribed by the compensation court in its order, such procedure must be followed. The January 22, 1996, award of the single-judge court was clear that appellee needed to complete ESL level III classes before a vocational rehabilitation plan would be approved. With this in mind, appellee's attendance of nonqualifying classes would qualify him for neither vocational rehabilitation nor temporary total disability benefits during such attendance.

In *Bindrum v. Foote & Davies, supra,* an employee sought temporary total disability benefits for two separate time periods: (1) while he was undergoing a voluntary rehabilitation plan offered by his employer and (2) while he was undergoing rehabilitation pursuant to a court order. We held in *Bindrum* that under Neb. Rev. Stat. § 48-121(5) (Reissue 1988),

> an employee, unless he or she is otherwise qualified to receive temporary total disability benefits, is entitled to such benefits only while undergoing rehabilitation which has been ordered by the compensation court.
>
> Under this rule, Bindrum is not entitled to the temporary total disability benefits the compensation court awarded him for the 7 days in 1989, prior to the award of rehabilitation, on which days Bindrum was undergoing testing for purposes of determining an appropriate vocational rehabilitation plan.

235 Neb. at 912, 457 N.W.2d at 835. In the years since our decision in *Bindrum,* the Legislature amended § 48-121(5) to read:

> The employee shall be entitled to compensation from his or her employer for temporary disability while undergoing rehabilitation whether the rehabilitation is voluntarily offered by the employer and accepted by the employee or is ordered by the Nebraska Workers' Compensation Court or any judge of the compensation court.

Neb. Rev. Stat. § 48-121(5) (Reissue 1993). Appellee would have us believe that this change means that an injured employee may undertake rehabilitation on his or her own without approval from either the court or his former employer and receive temporary total disability benefits. A plain reading of this section of the Act shows the folly in such reasoning. An employer must first offer, and the employee accept, vocational rehabilitation, or such rehabilitation must be court-ordered before an employee becomes eligible for temporary total disability. In the case at bar, the single-judge court set the requirements appellee needed to meet in order for him to become eligible for vocational rehabilitation and temporary total disability benefits. By taking noncredit ESL classes, appellee failed to meet those requirements. The action of the single-judge court in granting temporary total disability benefits in a later award not only went beyond the court's statutorily granted authority, but was clearly erroneous in light of appellee's lack of conformity to the requirements of the original award. Once appellee has completed ESL level III classes, temporary total disability benefits may be awarded from the point of the approval of the plan onward, consistent with the January award, but not before.

We reverse the judgment of the review panel of January 22, 1997, and the orders of the single-judge court of January and August 1996. In so doing, we also reverse the order of the compensation court review panel regarding attorney fees taxed against appellants. Because we reverse the single-judge court's decision and hold that appellants are not obligated to pay temporary total disability benefits during appellee's voluntary vocational rehabilitation training, there exists a reduction in appellee's overall award. Therefore, appellee is not entitled to an award of attorney fees.

## CONCLUSION

It is readily apparent from a plain reading of the statutes at issue that the single-judge court had no authority to modify its original award after the running of the statutory time period. Furthermore, there was no plan of vocational rehabilitation in place, from either the employer or the court, when appellee voluntarily undertook to enroll in noncredit ESL classes. The January 1996 award of the single-judge court was clear that no

court-approved plan of vocational rehabilitation would be enacted until after appellee completed a credit-level ESL class. As such, there was no approved plan in place at the time appellee attended noncredit ESL classes, and no temporary total disability benefits may be awarded during that time. Pursuant to § 48-185, an appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the single-judge court do not support the order or award. *Sheridan v. Catering Mgmt., Inc.,* 252 Neb. 825, 566 N.W.2d 110 (1997). The single-judge court's award of August 28, 1996, violated subsection (1) of the above portion of the Act, and we, therefore, reverse that award, along with that portion of the review panel's decision taxing attorney fees to appellants.

REVERSED.