NANCY ANDERSON, APPELLANT, V.
OMAHA PUBLIC SCHOOL DISTRICT, APPELLEE.
581 N.W. 2d 424

Filed July 10, 1998. No. S-97-661.

Thomas F. Dowd, of Dowd & Dowd, for appellant.

Joseph W. Grant and Lisa M. Meyer, of Gaines, Mullen, Pansing & Hogan, for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

McCORMACK, J.

Nancy Anderson petitioned this court for further review of the Nebraska Court of Appeals memorandum opinion and judgment on appeal filed December 18, 1997, affirming the Workers' Compensation Court review panel decision which affirmed an earlier order of the compensation court awarding Anderson temporary total disability benefits. Anderson alleges that the compensation court erred in reducing her present award of temporary total disability payments by the amount of a prior award for permanent partial disability. The compensation court ordered the reduction based on the provisions of Neb. Rev. Stat. § 48-121.01(1)(a)(iii) (Reissue 1993), which provide that an employee's maximum weekly compensation benefit may not exceed $350. We reverse, and remand for further proceedings.

## BACKGROUND

Anderson was employed in the physical education department of the Omaha Public School District (OPS). On May 7, 1991, Anderson suffered a compensable injury arising out of and in the course of her employment with OPS when she attempted to "break up a fight" between students. As a result of the injury, Anderson injured her back. The compensation court found that Anderson suffered a 10-percent permanent partial disability and awarded her the sum of $56.30 per week for 300 weeks. This award was not appealed from by either party.

On March 14, 1995, Anderson again suffered a compensable injury arising out of and in the course of her employment with OPS when she was "butted in her low back by a student wearing a helmet." The compensation court found that Anderson suf-

fered a temporary total disability as a result. According to statute, based on Anderson's weekly wage, she was entitled to temporary total disability benefits of a maximum $350 per week for an indefinite period of time while she suffered the temporary total disability. Because § 48-121.01(1)(a)(iii) provides that an employee may not receive in excess of $350 per week, however, the court reduced the total temporary disability award by the amount of the prior permanent partial disability award of $56.30, resulting in a total benefit payment for both injuries of the statutory maximum of $350 per week. The court further calculated that the terms of the permanent partial disability would terminate on February 4, 1997, and that after that date, if Anderson remained temporarily totally disabled, she would be entitled to have her temporary total disability award increased back to the statutory maximum of $350 per week.

Anderson filed a motion to modify the court's prior award to remove the deduction of the prior permanent partial disability award payments from the total of her temporary total disability award. The court denied this motion. Anderson then filed an application for review with the compensation court review panel, which affirmed the award of the court. Anderson appealed this decision to the Court of Appeals, which affirmed the decision of the review panel.

## ASSIGNMENTS OF ERROR

In her petition for further review, Anderson assigns as error the Court of Appeals' affirmance of the review panel's decision because the panel erred as a matter of law in reducing the amount of benefits to which Anderson was entitled by benefits previously finally adjudicated as owing to Anderson as a result of a separate and distinct accident and injury, thereby resulting in Anderson's subsidizing OPS' obligations under workers' compensation and being required to pay part of the cost thereof.

## STANDARD OF REVIEW

In determining whether to affirm, modify, reverse, or set aside the judgment of the compensation court review panel, a higher appellate court reviews the findings of the single judge who conducted the original hearing. *Cunningham v. Leisure Inn*, 253 Neb. 741, 573 N.W.2d 412 (1998); *Thach v. Quality*

*Pork International*, 253 Neb. 544, 570 N.W.2d 830 (1997); *Acosta v. Seedorf Masonry, Inc.*, 253 Neb. 196, 569 N.W.2d 248 (1997); *Dyer v. Hastings Indus.*, 252 Neb. 361, 562 N.W.2d 348 (1997); *Winn v. Geo. A. Hormel & Co.*, 252 Neb. 29, 560 N.W.2d 143 (1997).

Pursuant to Neb. Rev. Stat. § 48-185 (Reissue 1993), an appellate court may modify, reverse, or set aside a compensation court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *U S West Communications v. Taborski*, 253 Neb. 770, 572 N.W.2d 81 (1998); *Cunningham v. Leisure Inn, supra*; *Roth v. Sarpy Cty. Highway Dept.*, 253 Neb. 703, 572 N.W.2d 786 (1998); *Thach v. Quality Pork International, supra*.

An appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law. *Varela v. Fisher Roofing Co.*, 253 Neb. 667, 572 N.W.2d 780 (1998); *Sheridan v. Catering Mgmt., Inc.*, 252 Neb. 825, 566 N.W.2d 110 (1997); *Winn v. Geo. A. Hormel & Co., supra*; *Snipes v. Sperry Vickers*, 251 Neb. 415, 557 N.W.2d 662 (1997); *Ira v. Swift-Eckrich*, 251 Neb. 411, 558 N.W.2d 40 (1997).

## ANALYSIS

The amount of compensation available to employees for workers' compensation is defined by statute. Neb. Rev. Stat. § 48-121 (Reissue 1993) provides in pertinent part:

The following schedule of compensation is hereby established for injuries resulting in disability:

(1) For total disability, the compensation during such disability shall be sixty-six and two-thirds percent of the wages received at the time of injury, but such compensation shall not be more than the maximum weekly income benefit specified in section 48-121.01 . . . .

(2) For disability partial in character, except the particular cases mentioned in subdivision (3) of this section, the compensation shall be sixty-six and two-thirds percent of

the difference between the wages received at the time of the injury and the earning power of the employee thereafter, but such compensation shall not be more than the maximum weekly income benefit specified in section 48-121.01.

Section 48-121.01 states that the maximum weekly income benefit shall be $350.

Neither subsection (1) nor subsection (2) of § 48-121 states that an injured employee cannot receive the two types of disability at the same time. Our prior case law, *Foreman v. State*, 240 Neb. 716, 483 N.W.2d 752 (1992), so holds. We further stated in *Foreman* that there is nothing in the workers' compensation law to prevent an employee from receiving compensation for temporary total disability to perform duties in which he is engaged at the time of the accident merely because he is receiving an unrelated allowance for a permanent partial disability for a previous accident. We held that the plaintiff, Foreman, was not entitled to compensation in excess of the prescribed statutory maximum.

Section 48-121, subsections (1) and (2), shows on its face that the Legislature recognizes that total and partial disabilities are two distinct forms of compensation. There is no prohibition in the workers' compensation statutes, other than the statutory maximum of $350 per week, that would prevent Anderson from being paid concurrently for both her permanent partial disability and her temporary total disability.

Anderson has distinguished her facts from the rule pronounced in *Foreman v. State, supra*, however, in that she concedes the provisions of § 48-121.01(1)(a)(iii) limit the total payment to $350 per week, but argues that the payments for the permanent partial disability of $56.30 per week pursuant to the award for the 1991 injury should be suspended rather than act as a deduction from the payments for the temporary total disability, which all parties concede Anderson is experiencing. Anderson's argument is that by deducting the $56.30 per week from the temporary total disability payments, she is in effect subsidizing her employer's obligation to provide workers' compensation benefits. We agree. There is no statutory impediment to the result urged by Anderson. The payments to her will not

exceed the statutory maximum of $350 per week, but the permanent partial disability which she was awarded in 1991 will be suspended while Anderson is on temporary total disability. Once Anderson's temporary total disability has ceased, the payments under her permanent partial disability award will resume until she has received all payments due her under this award.

As stated in the compensation court's dissenting opinion in Anderson's case:

> [I]t is black-letter, axiomatic law that the Nebraska Workers' Compensation Act be liberally construed to accomplish its beneficent purposes. Among the many arbitrary limitations of workers' compensation law are maximum periods of payment, the maximum amount of weekly payments, payments for functional loss of a member regardless of loss of earning power, and the total absence of many general damages measures found in tort law. Why would we further limit indemnity payments to those who have suffered two accidents such as Ms. Anderson?

## CONCLUSION

Having determined that Anderson's payments of $56.30 per week as a result of the permanent partial disability award in 1991 should be suspended rather than act as a credit toward her temporary total disability payments, we reverse, and remand for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

STEPHAN, J., dissenting.

I respectfully dissent. In my opinion, the majority has made an unwarranted departure from settled law, which it attempts to justify by recognizing a right to "suspend" workers' compensation benefit payments from one injury during the period when benefits from another injury are payable, a right which is not expressly or implicitly conferred by the Nebraska Workers' Compensation Act. It has long been our law that while an individual may receive concurrent workers' compensation benefits from two or more injuries, the combined amounts received may not exceed the maximum weekly benefit established by the Nebraska Workers' Compensation Act. *Peterson v. Borden's*

*Produce Co.*, 125 Neb. 404, 250 N.W. 240 (1933). We applied this rule most recently in *Foreman v. State*, 240 Neb. 716, 483 N.W.2d 752 (1992), where the worker was receiving permanent partial disability benefits of $30.58 per week from a 1986 accident at the time he was awarded temporary total disability benefits of $245 per week as the result of an accident in 1988. At the time of the second award, the maximum weekly benefit allowable under Neb. Rev. Stat. § 48-121.01 (Reissue 1988) was $245. The employer paid the benefits pursuant to both awards for a period of time and then discontinued the benefits attributable to the first injury. We held that this "was proper because the plaintiff was not entitled to compensation in excess of the prescribed statutory maximum amount of weekly compensation." 240 Neb. at 722, 483 N.W.2d at 757. We also noted that the compensation court recognized and followed this principle by allowing the employer a credit for permanent partial disability benefits inadvertently paid during the period when the worker was receiving temporary total disability benefits in an amount equal to the statutory maximum weekly benefit. *Id.*

I disagree with the majority's statement that "Anderson has distinguished her facts" from *Foreman*. As in *Foreman*, Anderson was awarded benefits for separate injuries, and during the period when the two benefits overlapped, the combined benefits exceeded the maximum weekly benefit prescribed by § 48-121.01 (Reissue 1993). The majority reaches a result different from that in *Foreman* by recognizing a new legal principle which authorizes a worker receiving concurrent benefits from two injuries to elect to suspend one benefit until the other is exhausted and thereby remain within the statutory maximum weekly benefit. Put another way, the majority recognizes the right of a recipient of workers' compensation benefits to unilaterally modify the benefit period established in an award by electing to have a portion of it run consecutively to a benefit period resulting from a separate, subsequent award.

I find nothing in the Nebraska Workers' Compensation Act to support this principle. It is not within the province of a court to read a meaning into a statute that is not warranted by the legislative language. *State ex rel. City of Elkhorn v. Haney*, 252 Neb. 788, 566 N.W.2d 771 (1997); *Village of Winside v.*

*Jackson*, 250 Neb. 851, 553 N.W.2d 476 (1996); *Nebraska Life & Health Ins. Guar. Assn. v. Dobias*, 247 Neb. 900, 531 N.W.2d 217 (1995). If the Legislature had intended that periods of benefits payable as a result of separate injuries should run consecutively, it could have so provided, as it did with respect to injuries to multiple scheduled members sustained in a single accident. See Neb. Rev. Stat. § 48-121(3) (Reissue 1993) ("compensation benefits shall be paid for the loss or loss of use of each such member or part thereof, with the periods of benefits to run consecutively"). The Legislature placed no similar provision in the Nebraska Workers' Compensation Act with respect to compensable injuries arising from separate accidents, and we have no power to do so. I would affirm the order of the review panel.

CAPORALE and CONNOLLY, JJ., join in this dissent.