RICARDO ROMERO, APPELLANT,
v. IBP, INC., APPELLEE.
623 N.W.2d 332

Filed February 6, 2001. No. A-00-687.

Todd Bennett, of Rehm & Bennett, for appellant.

Jennifer L. Hoelker for appellee.

IRWIN, Chief Judge, and INBODY and CARLSON, Judges.

CARLSON, Judge.

## INTRODUCTION

Ricardo Romero, employed by IBP, inc., appeals from an order of the Workers' Compensation Court review panel which reversed an award by the single-judge court and remanded the case to the single-judge court for further factual findings. For the reasons set forth below, we reverse the order by the review panel.

## BACKGROUND

Romero, 30 years of age at the time of trial, began working for IBP on September 15, 1995, employed as a "lumper," a job that entailed carrying boxes, weighing from 40 to 100 pounds, and placing them on wooden forms. On or about October 7, 1996, Romero was injured when a wagon loaded with boxes ran over his foot, and he fell over. On the day of his accident, Romero was reassigned from his lumper position to that of "box gluer," gluing together cardboard boxes containing meat. Approximately 3 months before the April 7, 1999, trial, Romero was assigned the job of "beef stamper," a task that involved stamping beef carcasses with government seals.

At the time of his injury, Romero first experienced pain only in his foot; however, within 2 weeks, he began suffering back pain. Romero underwent two back surgeries: on April 14 and October 20, 1997.

The primary issue at trial was the extent of Romero's injuries and any resulting disability. Romero testified, through an interpreter, that he suffers pain "all the time" and that he is unable to stand all day and cannot sit for long periods of time. He further testified that it bothers him to lift more than 15 or 20 pounds and that his balance is not normal. He further testified that he had difficulty performing the stamper position, because he must stand for long periods of time. Finally, Romero testified that he had completed fourth or fifth grade in Mexico and that he cannot read a newspaper.

Among the exhibits introduced at trial was a loss of earning capacity report prepared by the court-appointed vocational rehabilitation specialist, Lori Peterson. Peterson opined that the position of stamper was within Romero's physical restrictions and that his transferable skills, should he leave IBP, would per-

mit him to find employment as a tractor driver or a shipping and receiving clerk. Peterson concluded that Romero's loss of earning capacity should be rated at 40 percent if he sought employment outside of IBP and at 25 percent if he stayed employed with IBP.

The single judge rejected the conclusions in Peterson's report on the following grounds:

> The Court has before it the report on plaintiff's loss of earning capacity from vocational rehabilitation specialist Lori Peterson. Ms. Peterson's assessment of plaintiff's loss of earning capacity ranges from 25 to 40 percent. The lower range was determined largely from reliance on Dr. McGowan's opinion that plaintiff was able to return to work within the light-medium work category. Ms. Peterson's higher range for loss of earning came about as the result of assuming that plaintiff had to seek employment outside of defendant's facility.
>
> The Court finds that Ms. Peterson's reliance on the restrictions established by Dr. McGowan is misplaced. Dr. McGowan was of the opinion that plaintiff could lift 40 pounds occasionally and 20 pounds frequently. The Court rejects this lifting restriction as it is in contradiction to that opinion of Dr. McGowan that restricted plaintiff to avoiding all bending and stooping.

The single judge subsequently found that Romero had suffered a 50-percent loss of earning capacity and made his award accordingly. The single judge expressly stated that he made such a finding "after determining that given the inherent ambiguity in Dr. McGowan's permanent restrictions . . . it is more likely than not that Ms. Peterson's opinions . . . are not correct."

IBP filed an application for review, asserting, inter alia, that the trial court had "erred in law and fact in rejecting the court-appointed vocational rehabilitation counselor's loss of earning power opinion and substituting its own opinion." The workers' compensation review panel reversed the finding by the single judge that Peterson's opinion had been rebutted, and remanded for a determination of where Romero's lost earning capacity fit into Peterson's opined range of 25 to 40 percent.

Romero timely appealed the review panel's order.

## ASSIGNMENT OF ERROR

Romero asserts that the Workers' Compensation Court review panel exceeded its authority in reversing the single judge's award and in remanding the case.

## STANDARD OF REVIEW

 In determining whether to affirm, modify, reverse, or set aside a judgment of the Workers' Compensation Court review panel, a higher appellate court reviews the findings of the single judge who conducted the original hearing. *Owen v. American Hydraulics*, 254 Neb. 685, 578 N.W.2d 57 (1998); *Thach v. Quality Pork International*, 253 Neb. 544, 570 N.W.2d 830 (1997). The findings of fact made by a workers' compensation judge on original hearing have the effect of a verdict and are not to be disturbed on appeal unless clearly wrong. *Owen, supra*; *Zessin v. Shanahan Mechanical & Elec.*, 251 Neb. 651, 558 N.W.2d 564 (1997).

 In testing the sufficiency of the evidence to support findings of fact, the evidence must be considered in the light most favorable to the successful party. *Cords v. City of Lincoln*, 249 Neb. 748, 545 N.W.2d 112 (1996).

 An appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law. *Owen, supra*; *Hull v. Aetna Ins. Co.*, 247 Neb. 713, 529 N.W.2d 783 (1995).

## ANALYSIS

Romero claims that the review panel erred because its decision constitutes an impermissible substitution of the review panel's view of the facts for those found by the single judge. We agree.

 As Romero points out, findings of fact made by a Workers' Compensation Court trial judge are not to be disturbed upon appeal to a Workers' Compensation Court review panel unless they are clearly wrong, and if the record contains evidence to substantiate the factual conclusions reached by the trial judge, the review panel shall not substitute its view of the facts for that of the trial judge. *Ideen v. American Signature Graphics*, 257 Neb. 82, 595 N.W.2d 233 (1999); *Pearson v. Lincoln Telephone Co.*, 2 Neb. App. 703, 513 N.W.2d 361 (1994).

However, the review panel may review a single-judge decision for errors of law. Neb. Rev. Stat. § 48-179 (Reissue 1998). Moreover, an appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law. *Owen, supra.* Thus the threshold issue is whether the single judge's holding that Peterson's loss of earning capacity report was not entitled to a presumption of correctness presented a question of fact or of law. We conclude, for the reasons set forth below, that it presents a question of fact.

Neb. Rev. Stat. § 48-162.01 (Reissue 1998) of the Nebraska Workers' Compensation Act provides a means of determining a vocational rehabilitation plan for an injured worker, as well as his or her loss of earning power. The Workers' Compensation Court is required to maintain a directory of public and private vocational rehabilitation service providers and counselors who have been approved by the court. § 48-162.01(2). The statute further states that if an injured employee claims entitlement to vocational rehabilitation services, the employee and the employer or its insurer shall attempt to agree on the choice of a vocational rehabilitation counselor from the directory maintained by the compensation court. If no agreement is reached, the court is required to select a counselor from its directory, who shall then evaluate the employee. § 48-162.01(3). Significantly, for purposes of this appeal, § 48-162.01(3) further provides that "[i]t shall be a rebuttable presumption that any opinion expressed as the result of such a loss-of-earning-power evaluation is correct."

The Nebraska Supreme Court recently expounded on this rebuttable presumption in *Variano v. Dial Corp.*, 256 Neb. 318, 326, 589 N.W.2d 845, 851 (1999):

A "rebuttable presumption" is generally defined as "[a] presumption that can be overturned upon the showing of sufficient proof." Black's Law Dictionary 1186 (6th ed. 1990). "In all cases not otherwise provided for by statute or by these rules a presumption imposes on the party against whom it is directed the burden of proving that the nonexistence of the presumed fact is more probable than its existence." Neb. Evid. R. 301, Neb. Rev. Stat. § 27-301 (Reissue 1995). We hold that this rule applies to the rebut-

table presumption that an opinion regarding loss of earning capacity expressed by a vocational rehabilitation counselor appointed or selected pursuant to § 48-162.01(3) is correct. Thus, it is clear that in determining whether the presumption contained in § 48-162.01(3) has been rebutted, the single judge is required to make factual findings.

That is precisely what the single judge did in this case. After initially concluding that Peterson's conclusions were "more likely than not" incorrect because of an "inherent ambiguity," the single judge then conducted his own evaluation of Romero's loss of earning capacity, premised upon the "plaintiff's work history, his testimony about his physical restrictions, the type and nature of plaintiff's present employment with defendant, and the totality of the evidence." Such an evaluation was clearly within the authority of the single judge, because the Nebraska Supreme Court has made it clear that loss of earning power is a question of fact measured by a myriad of factors. See *Sidel v. Travelers Ins. Co.*, 205 Neb. 541, 288 N.W.2d 482 (1980). It is also well established that "the Workers' Compensation Court does not need to depend on expert testimony to determine the degree of disability but instead may rely on the testimony of the claimant." *Cords v. City of Lincoln*, 249 Neb. 748, 756, 545 N.W.2d 112, 118 (1996). We similarly hold that the rebuttable presumption in § 42-162.01(3) can be rebutted not only by the testimony of another expert, but also by the testimony of the claimant. Accordingly, we affirm the conclusion by the single judge that Romero had suffered a 50-percent loss of earning capacity.

The review panel's order of reversal and remand was premised on the panel's conclusion that the single judge had rejected the Peterson report solely because the single judge had mistakenly deemed it inherently contradictory. However, that holding overlooks the single-judge's subsequent factual finding, based upon the evidence in its entirety, that Romero had suffered a 50-percent loss of earning capacity. That finding was, necessarily, a factual finding resulting in rejection of Peterson's conclusions that the loss of earning capacity was between 25 and 40 percent. Thus, the question of whether Peterson's report was ambiguous or contradictory is actually irrelevant to disposition

of this appeal, because the single judge also found it to be rebutted by the evidence.

Findings of fact made by a workers' compensation judge on original hearing have the effect of a verdict and are not to be disturbed on appeal unless clearly wrong. *Owen v. American Hydraulics*, 254 Neb. 685, 578 N.W.2d 57 (1998); *Zessin v. Shanahan Mechanical & Elec.*, 251 Neb. 651, 558 N.W.2d 564 (1997). The single-judge court, as the finder of fact, had competent evidence before it from which to rebut Peterson's report, and it did so. For the review panel to decide otherwise was for that panel to improperly substitute its view of the facts for those of the single judge.

## CONCLUSION

For the reasons set forth above, the judgment of the Workers' Compensation Court review panel is reversed, and the award by the single-judge court is affirmed.

REVERSED.