RYAN BIXENMANN, APPELLANT, V. H. KEHM CONSTRUCTION
AND OHIO CASUALTY INSURANCE CO., APPELLEES.

676 N.W.2d 370

Filed March 26, 2004.    No. S-03-817.

Richard K. Watts, of Watts Law Office, P.C., and, on brief, Stephanie A. Payne for appellant.

William D. Gilner, of Nolan, Olson, Hansen, Fieber & Lautenbaugh, L.L.P., for appellees.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

This appeal arises from an order of affirmance on review by the Nebraska Workers' Compensation Court review panel. The review panel affirmed the decision of the trial court which denied Ryan Bixenmann temporary total disability (TTD) benefits during vocational rehabilitation and also denied waiting-time penalties, attorney fees, and interest. In this appeal, we must resolve an apparent inconsistency between Workers' Comp. Ct. R. of Proc. 36 (2002) and the Nebraska Workers' Compensation Act as to whether Bixenmann is entitled to an award of TTD benefits retroactive to commencement of his vocational rehabilitation plan.

## BACKGROUND

Bixenmann injured his right wrist on October 8, 1996, during and in the course of his employment with H. Kehm Construction (H. Kehm). He reached maximum medical improvement on January 24, 2000, a date to which all parties stipulated. Thereafter, a vocational rehabilitation counselor was appointed. Before the rehabilitation counselor completed a vocational rehabilitation plan, she received a letter from H. Kehm's workers' compensation insurer, Ohio Casualty Insurance Co. (Ohio Casualty), on April 24, 2000. This letter informed the counselor that "Ohio Casualty Group will no longer authorize any vocational rehabilitation services for Mr. Bixenmann." Ohio Casualty stated that it had a videotape showing Bixenmann engaging in full-contact karate. Thus, Ohio Casualty concluded in its letter that Bixenmann had full use of his hands and was not in need of vocational rehabilitation. The rehabilitation counselor responded to Ohio Casualty's letter, stating that she would put the file on hold for 60 days.

Thereafter, for reasons not relevant to this appeal, a new vocational rehabilitation counselor was appointed. The counselor met with Bixenmann and prepared a vocational rehabilitation plan wherein Bixenmann would obtain a degree as a computer programming technician. Bixenmann and the counselor agreed to the plan, and it was sent to the compensation court's vocational rehabilitation specialist as required by rule 36. The specialist approved the plan and sent a copy to Ohio Casualty. Ohio Casualty did not respond within 14 days. Pursuant to rule 36, the vocational rehabilitation specialist advised Bixenmann that H. Kehm and Ohio Casualty were presumed to have accepted the plan and to have agreed to pay temporary benefits while Bixenmann was undergoing vocational rehabilitation. The vocational rehabilitation plan called for Bixenmann to start school on January 7, 2002, which he did. Bixenmann was still attending classes at the time of trial on July 22.

At trial, Bixenmann sought the compensation court's approval of the vocational rehabilitation plan currently underway and requested that TTD benefits be awarded retroactively to January 7, 2002, the date the vocational rehabilitation plan commenced.

The trial court found that based on the evidence at trial, Bixenmann was entitled to vocational rehabilitation benefits and that the plan was appropriate. The trial court declined, however, to award TTD benefits retroactive to January 7, 2002. The trial court, citing *Thach v. Quality Pork International*, 253 Neb. 544, 570 N.W.2d 830 (1997), stated that an employer must first offer, and the employee accept, vocational rehabilitation, or such rehabilitation must be court ordered before an employee becomes eligible for TTD benefits. The trial court noted that the holding in *Thach* was premised on the language of Neb. Rev. Stat. § 48-121(5) (Reissue 1988) and that, therefore, it was statutorily powerless to award TTD benefits to Bixenmann retroactively. The trial court concluded that where it was prohibited by statute to issue a retroactive award, "it is difficult to imagine how the Court's own rules (Rule 36) can somehow confer such power." Thus, the trial court awarded TTD benefits from the date of the court's order forward. The trial court denied Bixenmann's request for waiting-time penalties and attorney fees. Bixenmann appealed the trial court's decision to the review panel, which affirmed.

## ASSIGNMENTS OF ERROR

Bixenmann assigns, restated, that the trial court erred in (1) failing to award TTD benefits retroactive to January 7, 2002, the date he commenced his vocational rehabilitation plan, and (2) failing to award waiting-time penalties, attorney fees, and interest.

## STANDARD OF REVIEW

Pursuant to Neb. Rev. Stat. § 48-185 (Cum. Supp. 2002), an appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Swanson v. Park Place Automotive, ante* p. 133, 672 N.W.2d 405 (2003); *Morris v. Nebraska Health System,* 266 Neb. 285, 664 N.W.2d 436 (2003). Upon appellate review, the findings of fact made by the trial judge of the compensation court have the effect of a jury verdict and will not be disturbed unless clearly wrong. *Brown v. Harbor Fin. Mortgage Corp., ante* p. 218, 673 N.W.2d 35 (2004); *Morris v. Nebraska Health System, supra.*

Statutory interpretation presents a question of law. *Rodriguez v. Monfort, Inc.,* 262 Neb. 800, 635 N.W.2d 439 (2001). An appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law. *Id.; Fay v. Dowding, Dowding,* 261 Neb. 216, 623 N.W.2d 287 (2001).

## ANALYSIS

Bixenmann contends on appeal that he is entitled to an award of TTD benefits retroactive to the commencement of his vocational rehabilitation plan. Bixenmann maintains that rule 36 creates an irrebutable presumption that H. Kehm and Ohio Casualty accepted the vocational rehabilitation plan and agreed to pay Bixenmann TTD benefits for the duration of his rehabilitation. Specifically, Bixenmann contends that neither H. Kehm nor Ohio Casualty notified the compensation court that it was rejecting the rehabilitation plan within 14 days of the date it received notice of the plan approved by the compensation court's vocational rehabilitation specialist. As such, Bixenmann contends

that he is entitled to TTD benefits retroactive to commencement of his plan of rehabilitation pursuant to § 48-121(5) (Cum. Supp. 2002).

Section 48-121(5) provides:

> The employee shall be entitled to compensation from his or her employer for temporary disability while undergoing physical or medical rehabilitation and while undergoing vocational rehabilitation whether such vocational rehabilitation is voluntarily offered by the employer and accepted by the employee or is ordered by the Nebraska Workers' Compensation Court or any judge of the compensation court.

Rule 36, entitled "Eligibility and Approval of Vocational Rehabilitation Services," provides, in its entirety:

> A. Vocational rehabilitation services shall be made available as soon as it has been medically determined that the employee is capable of undertaking such activity and that he or she is unable to perform suitable work for which he or she has had previous training or experience.

> B. All voluntary vocational rehabilitation plans including on-the-job training, job placement, and formal retraining, must have prior approval of the court's vocational rehabilitation specialists.

> 1. Notice of all approved or disapproved plans shall be sent to the employee, and either the employer, its insurer or risk management pool, and the vocational rehabilitation counselor.

> 2. Such employer or insurer or risk management pool shall inform the court within 14 days of the date such notice is sent whether or not it will accept an approved plan and shall concurrently with such acceptance agree to the payment of temporary disability to the employee while he or she is undergoing vocational rehabilitation and making satisfactory progress.

> 3. If the employer, its insurer or risk management pool does not respond, it will be presumed that the employer, its insurer or risk management pool has accepted the plan and has agreed to the payment of temporary disability benefits to the employee while he or she is undergoing vocational rehabilitation and making satisfactory progress.

4. The fee for the evaluation and for the development and implementation of the vocational rehabilitation plan shall be paid by the employer or his or her insurer or risk management pool.

In *Thach v. Quality Pork International*, 253 Neb. 544, 570 N.W.2d 830 (1997), we held that under § 48-121(5), an injured employee may not undertake rehabilitation on his or her own and receive TTD benefits without approval from either the court or his or her former employer. In so holding, we determined that a plain reading of § 48-121(5) requires that an employer must first offer, and the employee accept, vocational rehabilitation, or such rehabilitation must be court ordered before an employee becomes eligible for TTD benefits. As such, we reversed the judgment of the trial court which awarded TTD benefits from a point prior to the court's approval of the rehabilitation plan. Because the rehabilitation plan in this case was not court ordered as of the date Bixenmann began classes on January 7, 2002, we conclude, based on *Thach*, that a retroactive award in this case is proper only if we find that H. Kehm offered the plan and Bixenmann accepted.

Bixenmann maintains that under rule 36, H. Kehm and Ohio Casualty both failed to reject the vocational rehabilitation plan within 14 days of receiving notice from the vocational rehabilitation specialist. H. Kehm and Ohio Casualty both contend, however, that the April 24, 2000, letter sent by Ohio Casualty to the rehabilitation counselor prior to issuance of the rule 36 notice constitutes their refusal to authorize or otherwise agree to the rehabilitation plan. We need not address whether the April 24 letter complies with the terms of rule 36 because we agree with the review panel and find that rule 36 is an incorrect statement of the law.

The review panel concluded that the Nebraska Workers' Compensation Act does not include a provision similar to rule 36 wherein the rehabilitation plan is presumed accepted by the employer if the employer fails to respond within 14 days of notice of approval of the plan by a vocational rehabilitation specialist.

While the compensation court is entitled to adopt and promulgate rules necessary for carrying out the intent of the Nebraska Workers' Compensation Act, see Neb. Rev. Stat. § 48-163 (Cum. Supp. 2002), the rules cannot modify, alter, or

enlarge provisions of a statute entrusted to its administration. *Stansbury v. HEP, Inc.*, 248 Neb. 706, 539 N.W.2d 28 (1995).

We conclude that rule 36 is an incorrect statement of the law and that neither H. Kehm nor Ohio Casualty are deemed to have accepted the vocational rehabilitation plan by reason of their failure to respond within 14 days. There is no evidence in the record indicating H. Kehm offered vocational rehabilitation, and the April 24, 2000, letter sent by Ohio Casualty to the rehabilitation counselor warrants a finding to the contrary. Because H. Kehm did not offer vocational rehabilitation, and such rehabilitation was not court ordered prior to trial, a retroactive award would be unfounded. As such, Bixenmann's TTD benefits should begin as of the date they were ordered by the trial court.

For his second assignment of error, Bixenmann contends he is entitled to waiting-time penalties, attorney fees, and interest pursuant to Neb. Rev. Stat. § 48-125 (Cum. Supp. 2002). Where there is no reasonable controversy, § 48-125 authorizes the award of attorney fees. *Kerkman v. Weidner Williams Roofing Co.*, 250 Neb. 70, 547 N.W.2d 152 (1996). A reasonable controversy under § 48-125 may exist (1) if there is a question of law previously unanswered by the appellate courts, which question must be answered to determine a right or liability for disposition of a claim under the Nebraska Workers' Compensation Act, or (2) if the properly adduced evidence would support reasonable but opposite conclusions by the Nebraska Workers' Compensation Court concerning an aspect of an employee's claim for workers' compensation, which conclusions affect allowance or rejection of an employee's claim, in whole or in part. *Dawes v. Wittrock Sandblasting & Painting*, 266 Neb. 526, 667 N.W.2d 167 (2003).

We agree with the review panel and conclude that the matters at issue in this appeal were heretofore unanswered by this court and that, accordingly, there was a reasonable controversy. We, therefore, deny Bixenmann's request for waiting-time penalties, attorney fees, and interest.

## CONCLUSION

We hold that Bixenmann is not entitled to an award of TTD benefits retroactive to the date his vocational rehabilitation plan commenced on January 7, 2002. We further hold that Bixenmann

is not entitled to waiting-time penalties, attorney fees, or interest. Accordingly, we affirm the judgment of the trial court as affirmed by the review panel.

AFFIRMED.

HENDRY, C.J., not participating.