IN RE ESTATE OF ANNA MARIE MITHOFER, DECEASED.
GERTRUDE L. CONNOT AND MILLARD H. MEYERS, INDIVIDUALLY
AND AS COPERSONAL REPRESENTATIVES OF THE ESTATE OF ANNA
MARIE MITHOFER, DECEASED, APPELLANTS, V. CLAYTON MEYERS
ET AL., APPELLEES.

502 N.W.2d 454

Filed July 9, 1993.    No. S-91-325.

George H. Moyer, Jr., of Moyer, Moyer, Egley, Fullner & Warnemunde, and James F. Brogan for appellants.

Mark Kozisek, of Palmer & Kozisek, P.C., for appellee Clayton Meyers.

Forrest F. Peetz, of Peetz and Peetz, for appellees Edna Osburn, George Meyers, and Melvin Meyers.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

FAHRNBRUCH, J.

The issue in this appeal is whether a party may withdraw from a settlement the party agreed to on the record in open court.

Under the facts of this case, we agree with the district court for Keya Paha County that the Keya Paha County Court did not err in denying the appellants, Gertrude L. Connot and Millard H. Meyers, leave to withdraw from the settlement stipulation they made on the record in open court.

## BACKGROUND

The appellants' mother, 90-year-old Anna Marie Mithofer, died in 1988. Her will divided her estate among her six children. The will nominated three of her children, the appellants and the appellee Clayton Meyers, as copersonal representatives of Mithofer's estate. In February 1989, Clayton filed a "Petition for Formal Probate of Will, Determination of Heirs, and Appointment of Personal Representative" in the Keya Paha County Court. He asked the court to appoint all three nominees as copersonal representatives.

On March 3, 1989, the appellants, claiming that Clayton should be disqualified as a personal representative, filed an objection to his being appointed a copersonal representative. The objection was withdrawn on November 17, 1989, and the parties stipulated that the appellants and Clayton should serve as copersonal representatives.

On April 5, 1990, the appellants again petitioned to have Clayton removed as a copersonal representative. They alleged that Clayton had filed a nonitemized $500,000 claim against

Mithofer's estate and that there were a number of irregularities in Clayton's handling of estate matters. Clayton alleged in his answer and counterpetition that the appellants had breached the terms of the earlier stipulation, that they refused to cooperate in the settling of estate matters, and that they refused to return personal property belonging to the estate. A hearing on the petition, answer, and counterpetition was held on April 20, 1990. Each of Mithofer's six children attended the hearing and was represented by his or her respective counsel. The copersonal representatives were also represented by counsel.

At the April 20 hearing, after several hours of negotiation, a stipulation of settlement was agreed to in open court by each of Mithofer's children and the copersonal representatives. It was recorded verbatim and subsequently transcribed by the court's stenographer. The stipulation settled the various disputes among Mithofer's children and how the estate's assets were to be distributed. It is this stipulation that is the subject of this appeal.

After the appellants' attorney dictated the stipulation into the record, it was expressly approved by each of Mithofer's children. It was also approved by the copersonal representatives. The court tentatively approved the stipulation and directed the appellants' counsel to prepare a journal entry to be circulated to all other counsel. The stipulation was journalized by the county court on May 10, 1990.

Prior to May 10, the appellants, individually and as copersonal representatives, filed "Objections to, and Motion for Leave to Withdraw from Open Court Stipulation." They claimed, inter alia, that the stipulation (1) does not address all of the disputed matters regarding the estate; (2) was entered into in haste and without sufficient time for the appellants to analyze and consider the consequences of the settlement's proposals; (3) inappropriately allocates attorney fees to Clayton's attorney, who had filed a claim against the estate on behalf of Clayton; and (4) was violated by Clayton when he removed fixtures from certain real estate which was to be deeded to the appellants. Following a hearing on the appellants' pleadings, the county court denied the appellants' request to withdraw from the stipulation. Inherent in the county court's

rejection of the appellants' request to withdraw from the stipulation is the rejection by that court of all the appellants' reasons for their request to withdraw from the stipulation. The district court affirmed the decision of the county court.

## ASSIGNMENT OF ERROR

The appellants assert that the district court erred in affirming the county court's decision denying the appellants' motions for leave to withdraw from the April 20, 1990, stipulation.

## STANDARD OF REVIEW

An appellate court reviews probate cases for error appearing on the record. *In re Estate of Seidler*, 241 Neb. 402, 490 N.W.2d 453 (1992).

## ANALYSIS

The appellants' arguments regarding their motion to withdraw from the stipulation are essentially twofold, asserting that (1) the stipulation was entered into in haste, is unjust, and, as journalized by the county court, is materially different from the stipulation dictated into the record; and (2) without being reduced to a writing, the stipulation was not enforceable before final approval was given by the county court.

The appellants argue that the stipulation was entered into without sufficient time for reflection on their part and that it does not adequately address all estate matters. An order is final and appealable when the substantial rights of the parties to the action are determined. *Properties Inv. Group v. JBA, Inc.*, 242 Neb. 439, 495 N.W.2d 624 (1993). The journalization of the stipulation fixed the parties' interests in the estate property, was a final order, and was appealable for 30 days following the May 10, 1990, journal entry. No appeal of that instrument was taken. The appeal now before us, taken from the December 21, 1990, journal entry denying the appellants' motion to withdraw from the stipulation, was filed in the county court on January 14, 1991. Because no appeal was taken from the May 10, 1990, entry journalizing the stipulation, we will not address the merits of the appellants' arguments regarding the accuracy and appropriateness of the journalized stipulation.

The appellants claim they are entitled to withdraw from the stipulation because the stipulation was not reduced to writing pursuant to Neb. Rev. Stat. §§ 30-24,110, 30-24,123, and 30-24,124 (Reissue 1989). Section 30-24,110 provides in part that "competent successors may agree among themselves to alter the interests, shares, or amounts to which they are entitled under the will of the decedent . . . in any way that they provide *in a written contract* executed by all who are affected by its provisions." (Emphasis supplied.)

Section 30-24,123 provides in part that

> [a] compromise of any controversy as to admission to probate of any instrument offered for formal probate as the will of a decedent, the construction, validity, or effect of any probated will, the rights or interests in the estate of the decedent of any successor, or the administration of the estate, if approved in a formal proceeding in the court for that purpose, is binding on all the parties thereto . . . .

Section 30-24,124(1) states in part that "[t]he terms of the compromise shall be set forth in an agreement *in writing* which shall be executed by all competent persons . . . having beneficial interests or having claims which will or may be affected by the compromise."

In this case, the stipulation was tentatively approved by the court in a formal proceeding, which approval was finalized by the May 10 journal entry. There was a writing made when the stipulation was dictated into the record by the appellants' attorney. The stipulation was expressly agreed to by the appellants.

Neb. Ct. R. of Cty. Cts. 4 (rev. 1992) states that "[a]ll stipulations and private agreements or understandings of counsel or of parties to a suit, *unless made in open court during the trial*, must be reduced to writing and signed by the parties or counsel for the parties making the same." (Emphasis supplied.) We have stated that

> [s]tipulations voluntarily entered into between the parties to a cause or their attorneys, for the government of their conduct and the control of their rights during the trial or progress of the cause, will be respected and enforced by the courts, where such stipulations are not contrary to

good morals or sound public policy. Courts will enforce valid stipulations unless some good cause is shown for declining to do so, especially where the stipulations have been acted upon so that the parties could not be placed in status quo. Kuhlmann v. Platte Valley Irr. Dist., 166 Neb. 493, 89 N. W. 2d 768.

Parties are bound by stipulations voluntarily made and relief from such stipulations after judgment is warranted only under exceptional circumstances.

*Martin v. Martin*, 188 Neb. 393, 397-98, 197 N.W.2d 388, 391 (1972).

In their motions to withdraw from the stipulation, the appellants claim, inter alia, that the stipulation was entered into in haste and contained terms that were ambiguous or unacceptable. At the hearing on the motion to withdraw, the appellants testified that after agreeing to the stipulation, they almost immediately became dissatisfied with its terms, primarily because the terms of the will were not being followed. At the hearing on their motions, the appellants acknowledged that following several hours of negotiation between the parties' attorneys, the appellants heard the stipulation as it was dictated into the record in open court and that they assented to its terms. Furthermore, the appellants admitted that they failed to voice their objections to the stipulation, even though they were aware that Clayton was about to divide and sell a portion of the estate's cattle, an event that did occur following the stipulation and prevented the parties from returning to the status quo. There are no exceptional circumstances in the record which would warrant release of the appellants from their open court stipulation.

The appellants argue that the stipulation is unenforceable as a violation of the statute of frauds because a portion of its subject matter is real estate. The case at hand is analogous to cases on compromise and settlement.

An alleged oral compromise and settlement agreement *not made in open court* is unenforceable where it is in violation of the statute of frauds or in violation of a court rule requiring all stipulations and agreements of counsel or parties to a suit to be in writing, signed by the parties or

their attorneys.

(Emphasis supplied.) *Omaha Nat. Bank v. Mullenax,* 211 Neb. 830, 836, 320 N.W.2d 755, 758 (1982). Conversely, a settlement agreement made in open court on the record, agreed to by all of the parties to the litigation, and approved by the court is enforceable. The stipulation in this case, made on the record in open court, is enforceable and not controlled by the statute of frauds.

After an agreement to compromise and settle a controversy has been entered into by the interested parties, the original matter in dispute is not a proper subject of suit or defense where fraud, mistake, or duress in procuring the contract is not pleaded. *Dougherty v. Robson,* 214 Neb. 802, 336 N.W.2d 316 (1983). The appellants did not plead fraud, mistake, or duress.

The district court was correct in affirming the order of the county court denying the appellants' motions to withdraw from the stipulation to which they agreed in open court.

AFFIRMED.

WHITE, J., concurs.