# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3405

_____

| | | |
|---|---|---|
| James Widtfeldt, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Days Inns Worldwide, Inc.; T. M. | * | |
| Acquisition, | * | [UNPUBLISHED] |
| Appellees. | * | |

_____

Submitted: June 24, 2003
Filed: June 30, 2003

_____

Before BOWMAN, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

James Widtfeldt appeals the district court's[1] order confirming a settlement agreement, granting an injunction against him, and dismissing his case with prejudice. For the reasons explained below, we affirm.

Widtfeldt entered into a settlement agreement with appellees. The terms of this agreement were read into the record before the magistrate judge; thereafter, however,

_____

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska, adopting the report and recommendations of the Honorable Thomas D. Thalken, United States Magistrate Judge for the District of Nebraska.

Widtfeldt moved to add numerous provisions to the agreement. The district court denied his motion to add the additional terms and confirmed the settlement agreement. On appeal, Widtfeldt challenges the district court's subject-matter jurisdiction and the terms of the settlement agreement.

The district court properly exercised diversity jurisdiction as the parties were citizens of different states, and nothing in the record casts doubt on the court's determination that the injunctive relief he sought could reasonably have been expected to exceed $75,000. See 28 U.S.C. § 1332(a)(1) (district courts have original jurisdiction over civil actions where matter in controversy exceeds $75,000, and is between citizens of different states); Missouri v. Western Sur. Co., 51 F.3d 170, 173 (8th Cir. 1995) (when challenged, district court must determine by preponderance of evidence whether there is "legal certainty" that plaintiff cannot recover amount sufficient to satisfy jurisdictional requirement). Further, for the reasons explained by the district court, it properly confirmed the settlement agreement entered into by the parties, as read into the record. See Woodmen of the World Life Ins. Soc'y v. Kight, 522 N.W.2d 155, 157-59 (Neb. 1994); In re Estate of Mithofer, 502 N.W.2d 454, 458 (Neb. 1993).

Accordingly, we affirm the judgment of the district court. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.