ISAAC ORTIZ, APPELLANT, V.
CEMENT PRODUCTS, INC., APPELLEE.

708 N.W.2d 610

Filed December 16, 2005.   No. S-05-437.

Todd Bennett, of Rehm, Bennett & Moore, P.C., L.L.P., for appellant.

Jenny L. Panko, of Baylor, Evnen, Curtiss, Grimit & Witt, L.L.P., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

McCORMACK, J.

## NATURE OF CASE

Isaac Ortiz, an illegal immigrant, brought the present action in the Nebraska Workers' Compensation Court against his employer, Cement Products, Inc. Ortiz alleged that he suffered injuries as a result of a work-related accident. The compensation court awarded Ortiz vocational rehabilitation services, among other benefits. Cement Products sought further review with the compensation court review panel, which reversed the compensation court's award on the issue of vocational rehabilitation. The review panel determined that because of Ortiz' undocumented status, he was not entitled to vocational rehabilitation benefits.

## BACKGROUND

Ortiz, a Mexican citizen, came to the United States in approximately 1990. He has a sixth grade education and does not speak, read, or write English. Since immigrating, Ortiz has worked for several employers as a laborer, even though he has never been legally authorized to work in this country.

In May 2001, Ortiz applied for employment with Cement Products. On Ortiz' employment application, which was completed by a friend of his, Ortiz indicated that he is prevented

from working in this country because of visa or immigration status. At that time, Ortiz was not asked to provide verification that he was authorized to work in the United States. In June 2001, Ortiz filled out an employment eligibility verification form. On this form, Ortiz falsely indicated that he was a lawful resident alien and that he was authorized to work until November 27, 2004. Ortiz signed this form, indicating that he was eligible to legally work in the United States. On both Ortiz' employment application and employment eligibility verification form, he provided a falsified Social Security number.

In July 2001, Ortiz suffered a work-related accident after a large bucket of cement fell on his leg. Ortiz brought the present action in the compensation court against Cement Products, alleging injuries to his left leg and praying for temporary and permanent disability benefits, medical payments, and vocational rehabilitation benefits. Following a trial on the matter, the compensation court found that Ortiz was entitled to workers' compensation benefits, including vocational rehabilitation, despite his status as an illegal alien.

The compensation court stated that following Ortiz' accident, Cement Products did not have any jobs for Ortiz within his restrictions, and that with regard to alternative employment, either Ortiz was unable to perform the work or the proposed position paid an inadequate amount considering Ortiz' hourly wage and average weekly wage while employed by Cement Products. The compensation court noted that Ortiz could not presently be legally employed in the United States. It went on to state, however, that Ortiz would be unable to perform the jobs for which he has training in Mexico because of his limitations.

Cement Products timely sought further review with the review panel. The review panel reversed that portion of the award granting Ortiz vocational rehabilitation services. It determined that Ortiz was not entitled to vocational rehabilitation benefits because he was not legally authorized to work in the United States. Ortiz appeals the review panel's decision.

## ASSIGNMENTS OF ERROR
Ortiz claims, restated and consolidated, that the review panel erred in (1) finding that an unauthorized alien is not entitled to

vocational rehabilitation services under the Nebraska Workers' Compensation Act and (2) failing to provide a reasoned decision.

## STANDARD OF REVIEW

Pursuant to Neb. Rev. Stat. § 48-185 (Reissue 2004), an appellate court may modify, reverse, or set aside a compensation court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Bixenmann v. H. Kehm Constr.*, 267 Neb. 669, 676 N.W.2d 370 (2004). Upon appellate review, the findings of fact made by the trial judge of the compensation court have the effect of a jury verdict and will not be disturbed unless clearly wrong. *Id.*

Statutory interpretation presents a question of law. *Id.* With respect to questions of law in workers' compensation cases, an appellate court is obligated to make its own determination. *Madlock v. Square D Co.*, 269 Neb. 675, 695 N.W.2d 412 (2005).

## ANALYSIS

### VOCATIONAL REHABILITATION

As a preliminary matter, we note that neither party contests whether Ortiz is a covered employee under the Nebraska Workers' Compensation Act. Assuming, without deciding, that Ortiz is a covered employee, we turn our attention to the issue of whether Ortiz is entitled to vocational rehabilitation.

Under Neb. Rev. Stat. § 48-162.01(3) (Cum. Supp. 2002), an employee is entitled to vocational rehabilitation services when he or she is unable to perform suitable work for which he or she has previous training or experience. The purpose of vocational rehabilitation under workers' compensation is to restore an injured employee to suitable gainful employment. See § 48-162.01(3); *Rodriguez v. Monfort, Inc.*, 262 Neb. 800, 635 N.W.2d 439 (2001). In order to effectuate this purpose, the employee must be eligible and willing to return to some form of employment.

At trial, Ortiz testified that he will not be returning to Mexico, but, rather, intended to remain in this country, where he may not be lawfully employed because of his illegal status. See 8 U.S.C. § 1324a (2000). Awarding Ortiz vocational rehabilitation services in light of his avowed intent to remain an unauthorized worker in this country would be contrary to the statutory purpose of returning Ortiz to suitable employment. Therefore, we hold that based upon the facts of this case, Ortiz is not entitled to vocational rehabilitation services.

### REASONED DECISION

Ortiz also alleges that the review panel erred in failing to issue a reasoned opinion.

Workers' Comp. Ct. R. of Proc. 11(A) (2004) provides:

> All parties are entitled to reasoned decisions which contain findings of fact and conclusions of law based upon the whole record which clearly and concisely state and explain the rationale for the decision so that all interested parties can determine why and how a particular result was reached. The judge shall specify the evidence upon which the judge relies. The decision shall provide the basis for a meaningful appellate review.

In its opinion, the review panel clearly explained why it believed Ortiz was not entitled to vocational rehabilitation services, which allowed this court to conduct a meaningful appellate review. Thus, we find this assignment of error to be without merit.

### CONCLUSION

For the reasons discussed above, we affirm the decision of the review panel.

AFFIRMED.

MILLER-LERMAN, J., participating on briefs.